IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDO INTERACTIVE, INC. )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>BANCVUE, LTD )<br>)<br>Defendant. )<br>)<br>) | Case No. 3:11-cv-00341<br>Judge Sharp/Magistrate Bryant |

## INITIAL CASE MANAGEMENT ORDER

The parties hereby submit this Proposed Initial Case Management Order pursuant to Local Rule 16.01(d).

1. **Jurisdiction and Venue:**

This Court has subject matter jurisdiction over this matter because it involves issues of alleged patent infringement arising under Title 35 of the United States Code. Furthermore, Plaintiff edo Interactive, Inc. ("edo") has alleged a cause of action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 1331, 1338, 2201 and 2202. The Plaintiff has also asserted that defendant BancVue, Ltd. ("BancVue") has sufficient minimum contacts with the State of Tennessee such that this Court's exercise of personal jurisdiction over BancVue would not offend traditional notions of fair play and substantial justice. Lastly, venue is proper in this district because a substantial part of the events or omissions giving rise to edo's claims occurred here. Jurisdiction and venue are not in dispute, and edo does not dispute that this Court has proper jurisdiction and venue over BancVue's counterclaim.

2. **Parties' Theories of the Case.**

1. **Plaintiff's Theory of the Case.**

Plaintiff edo is a provider of targeted marketing services. Among other things, edo helps its customers, typically retailers, provide marketing services, such as digital incentive products and services (called "Prewards") loaded onto credit or debit cards, to the retailer's customers based on geography, spending behavior, and preferences. This allows the retailer to target customers based on a plurality of factors, as well as gives the customer electronic or digital incentives to make a purchase.

BancVue and edo began discussions to explore the possibility of a business transaction between them. During the negotiations, BancVue asserted that edo's services allegedly infringed upon BancVue's "Automated Reward Program" patent (hereinafter, the "'264 Patent"). edo's systems and methods do not infringe the '264 Patent in any way but the parties were unable to reach an agreement on this issue. Specifically, edo's products, services, and processes, including its transactional based incentive programs, do not infringe upon any valid claim of the '264 Patent. edo also asserts that the claims of the '264 Patent are invalid. Therefore, an actual controversy arose and continues to exist, over whether edo markets any product or service that infringes upon the '264 Patent and whether the '264 Patent is invalid. Without a declaration of non-infringement or invalidity, BancVue's claims threaten, and will continue to adversely affect, edo's business and therefore cause it harm.

2. **Defendant's Theory of the Case.**

BancVue is the owner of the '264 Patent, which is entitled "Automated Reward Program." The '264 Patent describes and claims a system and method for operating an automated reward system through a financial institution over a network for merchants that have enrolled in the institution's reward program and for users that have a banking account at the institution associated with the reward program.

BancVue and edo have discussed forming a business relationship. During negotiations between the parties, BancVue learned that edo has infringed the '264 Patent directly and/or indirectly through the operation of a reward program through a financial institution over a network that are covered by one or more claims of the '264 Patent. Despite being put on notice of its infringement, edo has continued to infringe the '264 Patent directly and/or indirectly. BancVue seeks damages and to enjoin future infringement of the '264 Patent by edo.

3. **Identification of the Issues:**

   a. Whether edo infringes directly and/or indirectly any claim of the '264 Patent;

   b. Whether the claims of BancVue's 264 Patent are invalid;

   c. If edo is found to have infringed any claim of the '264 patent, what monetary and/or injunctive relief is appropriate, if any.


4. **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure.**

At this time, the parties do not anticipate any issues arising under the above cited rules.


5. **Witnesses, if known, subject to supplementation for each party.**

At this time, edo is unable to identify relevant witnesses until BancVue provides the information set forth in paragraph 6(b) below.

At this time, BancVue anticipates the following witnesses will have relevant testimony to the issues in this case: Don Shafer, Gabriel Krajicek and Paul Barton. BancVue expressly reserves its right to modify and supplement this list based upon investigation and discovery in this matter.

6. **Initial Disclosures and Staging of Discovery:**

   a. **Rule 26(a)(1) Disclosure**

   The parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from the date of the initial case management conference.

   b. **Initial Disclosure of Asserted Claims and Infringement Contentions.**

   On or before **October 7, 2011**, BancVue shall serve an "Initial Disclosure of Asserted Claims and Infringement Contentions" that identifies separately, as specifically as possible, the following information:

   1) A claim chart identifying specifically where each limitation of each asserted claim is found within each accused device and/or method of edo, including for each limitation that BancVue contends is governed by 35 U.S.C. § 112(6) (means-plus-function), the identity of the structure(s), act(s), or material(s) in the accused device that corresponds to the structure identified in the patent specification that performs the claimed function.

   2) Whether each limitation of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the accused device and/or method.

   3) The date of conception and the date of reduction to practice of each allegedly infringed claim, as well as the identification of any evidence of inventorship relevant to each allegedly infringed claim.

   4) For any claim of priority earlier than that listed on the face of the patent, the priority date to which each asserted claim allegedly is entitled.

5) If BancVue wished to preserve the right to rely on the assertion that its own apparatus, product, device, method or other instrumentality practice the claimed invention, BancVue shall identify each such apparatus, product, device, method or other instrumentality.

6) For each claim of each patent-in-suit that is allegedly infringed, the identity of the applicable statutory subsection of 35 U.S.C. § 271 asserted.

c. **Documents Related to Asserted Claims and Infringement Contentions.**

Together with the "Initial Disclosure of Asserted Claims and Infringement Contentions," BancVue shall produce, or make available for inspection and copying, the following to the extent these items are in BancVue's possession, custody, or control:

1) A copy of BancVue's file history for the '264 Patent and any related United States and non-United States applications or patents, including continuations, continuations-in-part, and divisional applications.

2) All licenses for each patent that do not have any confidentiality provision or which BancVue has been able to obtain permission to produce without an Order of the Court. In the event that BancVue withholds production of relevant licenses because of the confidentiality provisions, it shall notify edo of the existence of such withheld licenses, and the steps BancVue is taking to obtain any necessary permission(s).

3) All rulings in any other cases in which the patent has been asserted, regarding claim construction, validity, infringement, license defense, enforceability, and any other defenses.

4) Documents sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of, or offer to sell, the claimed invention prior to the date of application for each patent. BancVue's production of these documents shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. §102.

5) Documents within BancVue's possession evidencing the conception, reduction to practice, design and development of each claimed invention, which were created on or before the date of application or the priority date identified in each patent.

6) Documents within BancVue's possession and control evidencing willful infringement by edo.

d.  **Preliminary Non-Infringement and Invalidity Contentions.**

　　　　edo shall serve their "Preliminary Non-Infringement and Invalidity Contentions" on or before **November 7, 2011**, which must identify as specifically as possible the following, to the extent these items are in edo's possession, custody or control:

1) Non-infringement contentions shall contain a chart, responsive to the chart required by paragraph 6(b)(1), that identifies any limitation(s) not present literally or under the doctrine of equivalents in each accused device and/or method and the reasons for such denial(s) and the relevant distinctions.

2) Each item of prior art that edo contends anticipates each specified claim. Each prior art patent shall be identified by its number, country of origin, and date of issuance. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior use under 35 U.S. C. § 102(a) or (b), or on sale activity under 35 U.S. C. § 102(b), shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.

3) On a claim-by-claim basis, whether each item of prior art anticipates each asserted claim and/or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination of prior art that edo contends renders each specified claim obvious and the motivation to combine such items.

4) A chart identifying specifically in each alleged item of prior art where each limitation of each asserted claim is found, including for each limitation that edo contends is governed by 35 U.S. C. § 112(6), the identify of the structure(s), act(s), or material(s) in each item of prior art that corresponds to the structure identified in the patent specification that performs the claimed function.

5) Any grounds of invalidity for any of the asserted claims based on indefiniteness under 35 U.S. C. § 112(2), or enablement, written description, or failure to describe the best mode under 35 U.S. C. § 112(1).

e.  **Documents Related to Preliminary Non-Infringement and Invalidity Contentions.**

With the "Preliminary Non-Infringement and Invalidity Contentions," edo shall produce or make available for inspection and copying the following:

~~edo's Position:~~

~~It is edo's position that BancVue is requesting, and edo has agreed to provide, a vast array of evidence that is sufficient to enable BancVue to determine if any infringement has taken place. edo's source code is a closely guarded trade secret, containing highly confidential matter. BancView should be required to make a convincing showing as to why it needs this highly confidential information in light of the amount of other evidence that it will have available to it to perform its infringement analysis. Accordingly, in the absence of BancVue establishing a compelling need for this information, edo asserts that the Order should provide as follows:~~

1) After the execution of a suitable protective order and pursuant to its terms, edo will product specifications, schematics, flow charts, artwork, formulas and other documentation showing the operation of any aspects or elements of each accused device and/or method identified by BancVue in paragraph 6(b).

2) A copy of each item of prior art identified by edo that does not appear in the file history of the patent at issue.

~~BancVue's Position:~~

~~It is BancVue's position that edo should be required to produce source code. The '264 Patent describes and claims a system for operating an automated reward system. BancVue needs to review the source code to understand how edo's system works. BancVue believes that the entry of a suitable protective order should alleviate any concerns about preserving the confidentiality of the source code. As such, BancVue proposes the following:~~

1) ~~After the execution of a suitable protective order and pursuant to its terms, edo will produce source code, specifications, schematics, flow charts, artwork, formulas and other documentation showing the operation of any aspects or elements of each accused device and/or method identified by BancVue in paragraph 6(b).~~

2) ~~A copy of each item of prior art identified by edo that does not appear in the file history of the patent at issue.~~



f. **Fact Discovery.**

1) All fact discovery shall be completed by the close of business on May 25, 2012.
2) All written discovery shall be submitted such that responses are due on or before the close of fact discovery.

Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge.

  g. **<u>Expert Witnesses</u>.**

    1) By the close of business on **April 6, 2012**, all expert reports pursuant to Rule 26(a)(2)(B) for which the party has the burden of proof shall be disclosed (not filed with the Court).
    2) By the close of business on **May 4, 2012**, all rebuttal expert reports shall be disclosed (not filed with the Court).
    3) Any supplements to expert reports shall be filed by the close of business on **May 31, 2012**.
    4) Any discovery depositions of experts shall be completed on or before **June 30, 2012**.

**7. Dispositive Motions:**

All dispositive motions shall be filed by the close of business on **July 30, 2012**, and any response thereto shall be filed by the close of business on **August 27, 2012**. Any reply shall be filed by the close of business on **September 10, 2012**. If a dispositive motion is filed early, the response date is moved up accordingly. The Motion and Response memoranda are limited to 25 pages and the reply, if a reply is filed, is limited to five pages, absent Court permission for a longer pleading.

**8. Other deadlines:**

Any motion to amend the pleadings shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery.

**9. Subsequent Case Management Conferences:**

The Court will hold a subsequent case management conference on **April 24, 2012 at 9:30 a.m.** by telephone. Counsel for edo will initiate the call.

**10. Alternative dispute resolution:**

If the parties determine that alternative dispute resolution might be helpful in this matter, they will seek to schedule a mediation or settlement conference.

11. **Trial Date:**

As determined at the case management conference on **Monday, July 18, 2011**, this action is set for trial on **February 12, 2013, at 9:00 a.m.** before District Judge Sharp. A pretrial conference shall be held on **January 14, 2013, at 1:30 p.m.** Judge Sharp will issue a separate order setting forth his requirements for both the trial and pretrial conference.

It is so **ORDERED** this the 25th day of July, 2011.

*s/ John Bryant*
MAGISTRATE JOHN BRYANT
United States Magistrate Judge